MATTER OF RODRIGUEZ

In DEPORTATION Proceedings

A–12774721

*Decided by Board February 17, 1964*

Respondent, a native of British Guiana, has not established that because of her racial origin (Negro), her religious beliefs (Roman Catholic) and her affiliation with a minority political party in British Guiana she would be subject to physical persecution within the meaning of section 243(h), Immigration and Nationality Act, if deported to that country.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant (student)—Remained longer.

The special inquiry officer, in a decision dated January 7, 1964: granted the respondent's application for voluntary departure; provided for her deportation to England, alternatively to British Guiana, on the charge contained in the order to show cause in the event of her failure to so depart; and denied her application for temporary withholding of deportation to British Guiana. The appeal from his decision, which brings the case before this Board for consideration, will be dismissed.

The record relates to a married female alien, a native of British Guiana and subject of Great Britain, who last entered the United States on or about July 29, 1962. She was then admitted as a nonimmigrant student for a period until September 30, 1963. She has remained in the United States since the expiration of the temporary period of her admission without authority. Accordingly, her deportability on the above-stated charge is established. It is also conceded.

The special inquiry officer granted the privilege of voluntary departure to this respondent, whose husband resides in British Guiana and whose son lives in England. He took this action despite the fact it appeared to him that the respondent is reluctant to depart from the United States and that her financial ability to leave here without expense to the Government is speculative. Under the circumstances out-

lined in said official's opinion, which need no repetition here, we think his action in this respect was proper.

The only issue remaining to be resolved here is whether the respondent has met the burden resting upon her in this proceeding of establishing that she will be subjected to physical persecution if deported to British Guiana. (*Matter of B—*, A-15804394, BIA, August 28, 1963; Int. Dec. No. 1298.) For the reasons hereinafter stated, we find that she has not.

The main thrust of the respondent's argument is that she will be subjected to persecution because of her political viewpoint. Her fear in this respect stems from the fact that about 3 years ago she joined the United Front (Force) party in British Guiana. She asserts that there are 3 such parties in British Guiana, the Peoples Progressive party of Premier Cheddi B. Jagan, the Peoples National Congress of Forbes Birnkam and the United Front (Force) party of Peter D'Aguiar. All 3 parties are represented in the legislature there, but the Peoples Progressive party headed by Jagan is the majority party. She asserts that Dr. Jagan is communistic and communist supported. However, she has submitted no proof that the members of the minority parties in British Guiana are persecuted by the majority party simply because of their affiliation. The police power in British Guiana is still under the control of the British Government and the Colonial Secretary. There is no showing of record that the government has persecuted or caused physical harm to anyone because of political opinion. We find no support for the respondent in the fact that a senator of her party made a broadcast severely criticizing the majority party and Dr. Jagan's posture in British Guiana, inasmuch as said senator returned to her own country after the broadcast with no apparent fear of any consequences as a result of her broadcast; and this respondent holds no position of significance in the party so as to be too closely associated with the broadcast in any event.

The respondent's second point is that she is a Negro, whereas the East Indian element in British Guiana is the bulwark of the majority party in the Parliament and that there has been bloodshed, strife and physical injury to persons and property because of the two groups engaging in recriminations against one another. We agree with the special inquiry officer that what the respondent refers to are acts of mob violence; that it matters little as to which group in which instance was the aggressor; and that it is conceivable that a completely innocent bystander may be inadvertently injured during a riot or other lawless and violent activities of such a nature. However, this is an attempt to equate physical injury arising out of political discord with physical persecution, and the terms are not necessarily the same.

The provisions of this statute do not cover injuries which may befall one who happens to be in the vicinity of an outbreak of mob violence, even though the mob is aroused by factors commonly associated with persecution of the nature outlined (*Matter of D—*, A–12386631, BIA, March 20, 1963; Int. Dec. No. 1270). This is particularly true here, since it is established in the record that the police power in British Guiana is still under the control of the Government of Great Britain and that when fights have occurred between Negroes and East Indians there the government troops have appeared and stopped the violence.

Respondent has asserted that she would be physically persecuted in British Guiana because she is of the Roman Catholic faith, whereas Dr. Jagan is against religion. However, the respondent admitted that all churches of all faiths are open in British Guiana and that all of the people are free to attend and pray in the church of their choice. This right, too, is obviously protected by the British forces in control in British Guiana.

Finally, the respondent has asserted no other reasons why she would fear physical persecution if deported to British Guiana, the alternate country of deportation specified by the special inquiry officer. Accordingly, and in view of the foregoing, the special inquiry officer's decision is affirmed. Careful review of the record reveals to us no basis whatsoever for counsel's intimations of improper procedure in the conduct of the respondent's deportation hearing.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.